### 11909.   Joiner *v.* Wildes.

Per Curiam. This case arose by reason of a suit upon an open account. Upon conflicting evidence the jury found a verdict for the plaintiff; the verdict has the approval of the trial judge, and, there being no merit in the special grounds of the motion for new trial, it was not error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke and Bloodworth, JJ., concur.*

Decided March 8, 1921.

Complaint; from city court of Valdosta — Judge Cranford. September 15, 1920.

Mrs. W. M. Wildes sued Joiner, alleging in her petition as amended that he was indebted to her in the sum of $234, besides interest, "upon a certain account which was based upon a mutual course of dealings between said plaintiff and defendant, which is more fully explained by a certain bill of particulars" attached to the petition. The petition was filed March 23, 1920. The account consists of items for "board," for consecutive months beginning April 1, 1914, and ending June 1, 1918, and amounting in the aggregate to $479, upon which are credits of cash and merchandise, beginning May 1, 1915, and extending through each year until May, 1917. The defendant answered denying indebtedness. The trial of the case resulted in a verdict against the defendant for $79.36. The case came to this court on exceptions to the overruling of the defendant's motion for a new trial. The special grounds of the motion are:

1. The court erred in permitting the plaintiff, Mrs. W. M. Wildes, on the direct examination, to testify as follows: "Plaintiff's counsel asked the witness the following question: 'Mrs. Wildes, I will ask you if these amounts are all right, a balance due on board of $23 in 1915?' Answer: 'Yes, sir'— and so on as to every item in the account and every credit shown thereon, through May, 1918, as to debits, and through May, 1917, as to credits; counsel for defendant then and there objecting to the admission of said evidence on the ground that the testimony should come from the witness, and not from the plaintiff's attorney.

2. The court erred in overruling motion of counsel for defendant, made after the evidence for the plaintiff was all in, to strike from plaintiff's petition all items of account shown on statement attached bearing date on and prior to March 23, 1916, for the reason that the evidence failed to show any mutuality of accounts, as alleged in the petition, between the parties, and it appearing that such items, the subject of said motion, were barred by the statute of limitations.

3. The court erred in charging the jury as follows: "An account which is more than four years old is barred, and cannot be recovered on unless you find that there was a mutual account between the parties. Now a mutual account is where there is an

indebtedness on both sides — it must be mutual. The court charges you that a mere payment on an account where, if a man owes you, say, $100 and pays you $50 — that does not make a mutual account, and does not keep that particular account in date. Partial payments do not add anything to the life of an account, but to extend an account, the life of an account, there must be a mutual account — where one party owes another and where credit is expended upon the faith of such account. A mutual credit is expended upon the faith of such account. A mutual account must be between the parties themselves and not between others. Where there is a mutual account, the statute does not begin to run except from the date of the last item of such mutual account. " Said charge of the court is error for the reason that the evidence fails to make any issue upon the question of mutual accounts; it appearing therefrom, without conflict, that there was only one account, to wit, the account of Wildes against Joiner, and that payments were made thereon from time to time by Joiner in money and in merchandise.

4. Because, during the progress of the trial, after it had been conclusively shown that the defendant had not boarded at Wildes'· house after the 28th day of May, 1917, the statement of account attached to the petition, showing that the defendant was indebted for board up to June 1, 1918, one year after the evidence disclosed he had left the house of the plaintiff, counsel for plaintiff, without offering any amendment and without the knowledge or consent of the court, made in pencil, on the itemized statement of account attached to the original petition, the following material changes, to wit: The year 1915, being the date when the account began according to said statement of account, was changed to 1914, and the years 1916, 1917, and 1918, were respectively changed to the years 1915, 1916, and 1917, said petition, so altered and changed, having gone out with the jury after the charge of the court. Counsel for defendant saw counsel for plaintiff making said change, but did not know that it was the original petition upon which said alterations were being made.

*Patterson, Copeland & Slater,* for plaintiff in error.

*W. L. Cranford, Walker, Small & Little,* contra.